1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MADISON GUNTER-RITTER;                    No.  2:18-cv-01465-KJM-AC
     NATHAN VAZQUEZ,
11
               Plaintiffs,
12                                              ORDER

13         v.

     ROBARTS PROPERTIES, LP,
14
               Defendant.
15

16

17          Plaintiffs Madison Gunter-Ritter and Nathan Vazquez have filed an application for

18   a temporary restraining order to enjoin unlawful detainer proceedings in Sacramento County

19   Superior Court case number 18UD01057.  TRO, ECF No. 1 at 1, 11.  For the following reasons,

20   the court DENIES the motion.

21   I.    BACKGROUND

22          Gunter-Ritter has been a tenant at defendant Robarts Properties, LP's Emerald

23   Vista Apartments, located at 8661 Elk Grove, Elk Grove, California 95624 since February 3,

24   2017.  TRO, ECF No. 1 at 2-3.  She alleges she has suffered emotional distress from her tenancy

25   and has "become unemployed due to emotional distress and mental disabilities."  *Id.* at 2.

26   Vazquez is a veteran with multiple disabilities, and he "temporarily lives separately from

27   [Gunter-Ritter] and their Children while he is in a treatment program for disabled combat

28   veterans."  *Id.* at 3.  Gunter-Ritter has made multiple complaints to defendant throughout her

                                                  1

tenancy, including complaints about a neighbor's abusive behavior, false reports to police, trespass, unlawful entry, biohazards on the property, discrimination and unlawful lease clauses. *Id.* Defendant did not respond to several of Gunter-Ritter's complaints, and sometimes responded by making allegedly unlawful entries to her home, threatening to call the police on Vazquez, threatening her with eviction and making false accusations against her. *Id.* at 4. Although Vazquez was injured by a neighbor, he has never been violent on the property. *Id.* Gunter-Ritter called the police in April 2017 for assistance when Vazquez experienced a mental health crisis. *Id.* Charges arising from a "misunderstanding" when police arrived were later dropped and will be expunged when Vazquez graduates from Veterans Treatment Court this year. *Id.* Defendant served Vazquez with a trespass notice after his mental health crisis, though he was Gunter-Ritter's authorized guest. *Id.* at 5; *see id.* at 46. Defendant also threatened to have Vazquez arrested multiple times and then offered to allow Gunter-Ritter to break her lease without penalty. *Id.* at 5; *see id.* at 49. Defendant served Gunter-Ritter with a termination notice on an unspecified date. *Id.* at 5.

On March 5, 2018, Gunter-Ritter filed a motion to quash service of summons in defendant's state court unlawful detainer proceeding against her. *Id.* at 5-6; *see id.* at 30-35. The motion was granted after a March 15 hearing. *Id.* at 6. Defendant re-served Gunter-Ritter with the same termination notice, summons and complaint. *Id.* She again moved to quash. *Id.*; *see id.* at 36-38. At the hearing, "[t]he new judicial officer was very hostile towards [Gunter-Ritter]." *Id.* He denied her motion. *Id.* at 7. He gave her until the end of the day to file an answer, and after unsuccessfully seeking assistance, she "was forced to hastily draft an answer in less than 15 minutes without leave to amend." *Id.* Gunter-Ritter attended an April 19th settlement conference where defendant's attorney claimed to be the mediator. *Id.*; *see id.* at 38. Although she complained to the commissioner and the court's advisory clinic, she was told "'That's allowed in Sacramento' or something very similar." *Id.* at 7.

Gunter-Ritter then began "researching how to request a federal restraining order" to remedy "these numerous violations of her civil rights." *Id.* at 7-8. After she discussed this with defendant, defendant agreed to continue the trial date and reenter negotiations. *Id.* at 8. The

2

settlement discussions were unproductive and defendant refused to respond to her discovery requests. *Id.* Gunter-Ritter then advised defendant she would pursue a temporary restraining order in federal court. *Id.* Plaintiffs filed their TRO request on March 24, 2018. TRO, ECF No. 1.

II.    LEGAL STANDARD

The purpose of a TRO is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full preliminary injunction proceedings. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*). A TRO is an extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted).

III.    DISCUSSION

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Courts construe the three exceptions narrowly. *See Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) ("Any doubts as to the propriety of a federal injunction against state court

1    proceedings should be resolved in favor of permitting the state court action to proceed.") (quoting

2    *Blalock Eddy Ranch v. MCI Telecommunications Corp.*, 982 F.2d 371, 375 (9th Cir. 1992)).

3    Even when the Anti-Injunction Act does not prohibit an injunction, "[t]he decision to issue an

4    injunction that does not violate the Anit-Injunction Act . . . is committed to the discretion of the

5    district court." *Blalock*, 982 F.2d at 375.

6             Plaintiffs have not demonstrated that the first exception for an injunction

7    authorized by an Act of Congress applies. *See* 28 U.S.C. § 2283. As relevant here, plaintiffs

8    allege defendant violated 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA) and the

9    Fair Housing Act (FHA). TRO at 8-10. Civil rights actions under 42 U.S.C. § 1983 generally

10   fall within the first exception to the Anti-Injunction Act because "[t]he very purpose of § 1983

11   was to interpose the federal courts between the States and the people, . . . to protect the people

12   from unconstitutional action under color of state law." *Goldie's Bookstore, Inc. v. Super. Court*

13   *of State of Cal.*, 739 F.2d 466, 468 (9th Cir. 1984) (citation and internal quotation marks omitted).

14   Plaintiffs allege defendant violated 42 U.S.C. § 1983 by (1) having police serve Vazquez with a

15   trespass notice and attempting to have him arrested; (2) depriving Gunter-Ritter "of her right to

16   quash summons that was precluded from relitigation through res judicata"; (3) denying Gunter-

17   Ritter of her right to file an answer to defendant's complaint within five days of the court's denial

18   of her motion to quash; and (4) presenting defendant's lawyer as a neutral mediator. TRO at 9.

19   Plaintiffs have not explained how they will prevail on their § 1983 claim against defendant, a

20   private party, as § 1983 requires that "the conduct allegedly causing the deprivation of a federal

21   right be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

22   Police officers' mere performance of their "peace-keeping purposes" at a defendant's request

23   does not, standing alone, constitute state action. *See Johnson v. Napa Valley Wine Train, Inc.*,

24   No. 15-CV-04515-TEH, 2016 WL 493229, at *11 (N.D. Cal. Feb. 9, 2016) (citations omitted).

25   And "merely resorting to the courts . . . does not make a party a co-conspirator or a joint actor

26   with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Moreover, even if equitable relief

27   under ADA and AHA falls within the first exception to the Anti-Injunction Act, plaintiffs make

28   only bare, conclusory assertions in support of their ADA and FHA claims and thus have not

                                                    4

1  demonstrated their likelihood of success on those claims. *See* TRO at 9 (alleging defendant

2  violated the ADA and FHA by refusing to reasonably accommodate plaintiffs' disabilities,

3  inflicting emotional distress on plaintiffs and exacerbating their disabilities, and discriminating

4  against and abusing Vazquez for his disabilities). In short, even if the first exception to the Anti-

5  Injunction Act applies, plaintiffs have not demonstrated that they are likely to prevail on their

6  claims and thus have not shown they are entitled to the extraordinary remedy of a temporary

7  restraining order. *See Mazurek*, 520 U.S. at 972.

8  The remaining two exceptions to the Anti-Injunction Act are inapplicable here.

9  While a federal court may enjoin a state proceeding "to protect or effectuate the court's

10  judgment," 28 U.S.C. § 2283, there is no such judgment to protect in this matter, *see Le v. 1st*

11  *Nat. Lending Servs.*, No. 13-CV-01344-LHK, 2013 WL 2555556, at *2 (N.D. Cal. June 7, 2013).

12  Further, the exception permitting an injunction when "necessary in aid of a court's jurisdiction"

13  generally applies only "to in rem proceedings where subsequent state court proceedings might

14  interfere with previously filed federal court jurisdiction over a *res*, in cases of advanced federal *in*

15  *personam litigation*, or where a case is removed from state court." *Le*, 2013 WL 2555556, at *2

16  (citing *Negrete*, 523 F.3d at 1101). Accordingly, courts have repeatedly determined the exception

17  is inapplicable where a party seeks to enjoin an ongoing unlawful detainer action. *Id.* (collecting

18  cases).

19  The object of this action is clear: plaintiffs seek to temporarily restrain the state

20  court unlawful detainer action from proceeding. To that end, plaintiffs indicate that "[i]f granted

21  relief, [Gunter-Ritter] will resume paying rent . . . . [Vazquez] will be able to spend time with his

22  family and take comfort in knowing they are not homeless while he is working on recovery from

23  war injuries," and both plaintiffs "will stop being stressed by the harms from Defendant and the

24  stress of litigation." TRO at 11. Interfering with a state court proceeding is an extraordinary

25  remedy that this court applies only when necessary. Plaintiffs have not demonstrated such action

26  is warranted here. Accordingly, plaintiffs' request for a temporary restraining order is DENIED

27  without prejudice to refiling, taking account of the standards set forth in this order. Without

28  /////

providing legal advice, the court notes the pro se plaintiffs may wish to consider seeking

assistance from Legal Services of Northern California.

        IT IS SO ORDERED.

DATED: May 25, 2018.

_____
UNITED STATES DISTRICT JUDGE